UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. AINSWORTH,<br><br>              Plaintiff,<br><br>       v.<br><br>FRED FOULK,<br><br>              Defendant. | No.  2:14-cv-0479 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that after he was transferred to High Desert State Prison (HDSP) in September 2013, he was denied access to his property, including legal materials, even though he had an upcoming deadline in a court case. When he received a box of his transferred property in December 2013, "many items were missing." Plaintiff names one defendant to this action: the

2

1 | Warden of HDSP. (ECF No. 1.)

2 | On these facts, plaintiff fails to allege a federal constitutional claim that he was denied
3 | access to the courts. Inmates have a fundamental constitutional right of access to the courts.
4 | Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).
5 | The right of access to the courts is merely the right to bring to court a grievance the inmate wishes
6 | to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.
7 | Lewis, 518 U.S. at 354. A prisoner alleging a violation of his right of access to the courts must
8 | demonstrate that he has suffered "actual injury." Lewis, 518 U.S. at 349-50. The actual-injury
9 | requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been
10 | frustrated or was being impeded." Id. at 353.

11 | As to plaintiff's non-legal property, a negligent or intentional deprivation of property by a
12 | state employee does not constitute a violation of federal due process if the state provides a
13 | meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517, 533
14 | (1984); Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001). The California
15 | Legislature has provided a remedy for tort claims against public officials in the California
16 | Government Code, §§ 900, et seq. Because plaintiff has an adequate state law remedy for being
17 | deprived of his property, he fails to state a §1983 claim on this basis.[1]

18 | Plaintiff has also failed to allege a causal connection between the actions of defendant
19 | Foulk and any constitutional violation. It is not sufficient to allege that Warden Foulk "is in
20 | charge/responsible for all the staff and treatment of inmates" at HDSP. (ECF No. 1 at 4.)
21 | Supervisory personnel are generally not liable under § 1983 for the actions of their employees
22 | under a theory of respondeat superior and, therefore, when a named defendant holds a
23 | supervisorial position, the causal link between him and the claimed constitutional violation must
24 | be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
25 | Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

---

[1] Courts have distinguished those cases in which "the property deprivation is effected pursuant to an established state procedure." Zimmerman, 255 F.3d at 738, citing Hudson, 468 U.S. at 534. In such circumstances, a plaintiff may allege a constitutional due process challenge "even though some post deprivation remedies [are] available under state law." Id. This does not apply here.

Accordingly, the complaint will be dismissed. However, plaintiff will be granted one opportunity to amend the complaint to state a cognizable claim. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 3, 2014

_/ s / Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ains0479.14.new